FILED

2018 APR -2  PM 3: 55

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

Civil Action Number:

JUAN CARLOS GIL,

Case No: 6:18-cv-499-ORL-22DCI

     Plaintiff,

vs.

FLORIDA INSTITUTE OF TECHNOLOGY, INC.,

     Defendant.

---

## COMPLAINT

---

COMES NOW Plaintiff Juan Carlos Gil ("Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint and sues Defendant Florida Institute of Technology, Inc. ("Defendant") for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36 and alleges as follows:

### INTRODUCTORY STATEMENT

1.    Plaintiff brings this action in Federal Court to stop the exclusion of blind, vision impaired, and low vision patrons of Defendant's educational institution(s).

2.    Educational institutions can make choices and can either make their business inclusive, or they can make them effective **Zones of Discrimination**.

3.     When educational institutions offer services that are inaccessible and then do not notice the public that those services are inaccessible, those educational institutions are not only marginalizing the visually impaired community but are actively excluding those members of the public who are visually impaired from their business.

4.     This case arises out of the fact that Defendant has operated its university a manner and way that effectively excludes individuals who are visually impaired from access to Defendant's educational institution.

5.     Defendant owns and operates a place of public accommodation (a university) under the brand name "Florida Institute of Technology." Florida Institute of Technology is an educational institution which is open to the public and provides services and accommodations to the public.

6.     This complaint seeks declaratory and injunctive relief to have Defendant update its policies and practices to include measures necessary to ensure compliance with federal law, to provide auxiliary aids and services for effective communication in Defendant's business (which includes Defendant's Website and the electronic documents within that Website) so that individuals who are blind or visually impaired can communicate with Defendant effectively and timely such that their access to Florida Institute of Technology is not impeded; as such impediment has rendered Defendant's physical locations not fully accessible to the visually impaired.

## JURISDICTION & VENUE

7.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. §

1331, 28 C.F.R. § 36.201 and to prevent discrimination which includes equal access and effective communications with Defendant's business.

8.    Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendant is conducting business within the jurisdiction of this court by virtue of the fact its Website is available to the general public within this district and the acts constituting the violation of the ADA occurred in this District. Further, Florida Institute of Technology's university campus is/are located in the district. In addition, the Defendant is authorized to conduct business within the state of Florida as a Florida not-for-profit corporation.

9.    Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§s 2201 and 2202.

## THE PARTIES

10.    Plaintiff Juan Carlos Gil is a resident of the state of Florida and resides within the Southern judicial district, is *sui juris*, is disabled as defined by the ADA.

11.    Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h).   Plaintiff suffers optic nerve damage and is legally blind. Plaintiff also suffers from cerebral palsy, is unable to walk, and is confined to a wheelchair.   Therefore, Plaintiff is substantially limited in performing one or more major life activities, including (but not limited to) accurately visualizing his world and adequately traversing obstacles.

12.    Plaintiff is an athlete who travels for his athletic triathlon endeavors, and also is an advocate for the rights of blind and wheelchair bound disabled individuals.[1]

13.    In the past year, Plaintiff has traveled to Arizona, Orlando, and Boston to attend various conventions and meetings to advance the rights of the disabled. Such events include, but are not limited to, the National Federation for the Blind convention in Orlando[2], the American Counsel for the Blind convention in Nevada, and various focus groups and meetings throughout the east coast (including New York and Boston).

14.    Plaintiff cannot use the computer/internet without the assistance of commercially available screen reader software to interface with the internet and websites located therein.

15.    Plaintiff requires that electronic document information be saved in an accessible format such as HTML or an accessible electronic document format.

16.    Defendant is the owner and operator of an educational institution under the brand name "Florida Institute of Technology." Defendant owns and/or operates a main campus in Melbourne, Florida, as well as eight remote Florida Institute of Technology research laboratories and academic centers around the world.

## FACTS

17.    Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] a nursery,

---

[1] Juan Carlos Gil has traveled to speak on disabled rights, written letters, and mentored other disabled individuals as well as being the Plaintiff in the Landmark Historic federal trial over Web Accessibility (*Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020); See press release on case: www.prweb.com/releases/2017scottrdinin/06civilrights/prweb14437034.htm

[2] July 2017

elementary, secondary, undergraduate, or postgraduate private school, or other place of education," as defined by 42 U.S.C. §12181(7)(J) and 28 C.F.R. §36.104(2).

18.    The Defendant's Florida Institute of Technology and its ancillary campuses are open to the public, thus is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(J); §12182, and 28 C.F.R. Part 36. Defendant's Florida Institute of Technology and its ancillary campuses (and research/learning centers) are also referenced throughout as "Place(s) of Public Accommodation," "university," or "Florida Institute of Technology."

19.    Defendant controls, maintains, and/or operates a collection of related web pages, including multimedia content, typically identified with a common domain name, and published on at least one web server; namely the domain located at a website called www.fit.edu ("Website").

20.    Defendant's Website is offered by Defendant as a way for the public to apply for undergraduate/graduate admission to Florida Institute of Technology, as well as fill out a disability service request form online[3], and to communicate with the university through the student portal and student/university email.

21.    Defendant's Website also permits the public to obtain information on Florida Institute of Technology academics, disability services, financial aid and tuition[4], and other information the Defendant seeks to communicate to the public. The public can also schedule a tour of the main campus, and fill out additional PDF forms[5] that

---

[3] https://www.fit.edu/disability-services/forms-and-documents/disability-services-request-form/#form
[4] https://www.floridatechonline.com/admissions/tuition/
[5] https://www.fit.edu/freshman-admissions/forms-and-documents/

applicants will find useful when applying to the Institute of Technology from the Website.

22.     For all of the reasons as delineated herein, clearly, the Website is an integral part of the accommodations and services offered by Defendant. By this nexus, the Website is characterized as a Place of Public Accommodation pursuant to Title III, 42 U.S.C. §12181(7)(J) of the ADA[6].

23.     Defendant's Website permits the public to pay for tuition online. Therefore, the Website is itself a Place of Public Accommodation pursuant to 42 U.S.C. §12181(7)(J).

24.     Within Defendant's Website the public can access provided electronic documents on demand. Defendant offers the public access to its electronic documents online though Portable Document Format, which is commonly referred to as "PDFs."

25.     In order to meaningfully access PDF documents (also referenced as "electronic documents"), blind and visually impaired individuals require that electronic documents be saved in an accessible format. Much of the content provided in electronic format within Defendant's Website is not accessible by persons who are visually impaired and who utilize screen readers.

26.     The electronic documents offered on Defendant's Website are not coded for accessible to screen reader software. Therefore, online demand viewing of electronic documents on Defendant's Website is not an option available to persons with vision

---

[6] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." ( See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice  - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

disabilities.

27.     Plaintiff is a customer who is interested in attending the Florida Institute of Technology.

28.     Plaintiff called Defendant to inquire about admission to the Florida Institute of Technology, graduate and undergraduate degree programs offered, requirements for admission, costs of admission, financial aid, and accommodations for his disability. However, Defendant's representative failed to fully assist Plaintiff and referred him to its Website.

29.     Following communications with Defendant's representative, Plaintiff attempted to utilize Defendant's Website as instructed by Defendant's representative.

30.     Plaintiff utilizes screen reader software, which when utilized allows him (as a blind individual) to communicate with internet websites and the ability to access/comprehend electronic documents.

31.     When Plaintiff tried to interact and engage the Defendant through its Website, he encountered a Website that was not designed with accessibility (for the disabled) in mind.

32.     Defendant's Website is not designed with consideration for Universal design. Universal design is necessary so visually impaired individuals who use screen reader software can access the Website[7].

33.     Defendant's Website was inaccessible so Plaintiff could not (among other things):

---

[7] "Universal design is the design of products and environments to be usable by all people, to the greatest extent possible, without the need for adaption or specialized design." Kalbag, Laura (2017), by *Accessibility for Everyone*, (p. 5)

a. find out what information is needed to apply to the Florida Institute of Technology graduate and undergraduate programs
b. find out the cost of admission for the various programs and individual class/course credits, and
c. apply for financial aid

34. Plaintiff has tried and has been unable to access and comprehend the Defendant's Website and the electronic documents located therein. By denying Plaintiff the opportunity to comprehend electronic documents due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff (and other blind and visually impaired individuals) the opportunity to participate in or benefit from the educational opportunities and accommodations afforded to the public (non-disabled persons and persons who are not visually impaired).

35. Plaintiff's expectation of participating in online education was destroyed since he could not access Defendant's Website at all to avail himself of the latest services which Defendant offers to the public.

36. While Defendant addresses individuals with disabilities on its Website and provides information on how it's physical university and ancillary campuses and research facilities accommodate individuals with disabilities, the fact is that its Website is inaccessible to blind individuals. Therefore, despite Defendant's notice of accessibility within its Website, Defendant's Website is not accessible to the visually impaired (including Plaintiff).

37. The fact that Plaintiff could not access Defendant's Website and could not comprehend the electronic documents contained therein left Plaintiff excluded from accessing the Florida Institute of Technology accommodations and services and further left him with the feeling of segregation, rejection, isolation, and unable to participate in

his own educational in a manner equal to that afforded to others who are not similarly disabled.

38. Plaintiff's inability to communicate with/comprehend Defendant's Website and the electronic documents contained therein has impeded Plaintiff's access to Florida Institute of Technology accommodations and services has resulted in a *virtual barrier* which has created an *effective barrier* to access to Defendant's university and to the accommodations and services offered by Defendant. Plaintiff's inability to fully use Defendant's Website and his inability to access Defendant's electronic documents has hindered, impeded and inhibited Plaintiff's access to Defendant's university campus and research facility locations. Plaintiff has suffered as a result and has suffered particularized harm and an injury in fact.

39. While the Plaintiff could certainly make accommodations to travel to the Florida Institute of Technology location at 150 West University Boulevard, Melbourne, Florida 32901 with his wheelchair, but without access to the Florida Institute of Technology academic information, and admissions application and forms offered in the inaccessible electronic document forms, Plaintiff faces a great deal of uncertainty, anxiety, and foreboding in physically undertaking such an outing, because he lacks basic understanding of the *who, what, where, and how* to physically travel to Defendant's main campus in Melbourne and to consider taking classes and obtaining accommodations in Melbourne for this purpose.

40. By denying Plaintiff the opportunity to comprehend documents and Website due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in, or benefit from, Florida Institute of Technology

9

accommodations and services afforded to the public (non-disabled persons and persons who are not visually impaired).

41.   Plaintiff continues to desire to patronize Defendant (and attend Florida Institute of Technology), but is unable to do so, as he is unable to effectively communicate with Defendant in order to obtain access to Defendant's physical university locations in order to participate in the accommodations and services offered at Defendant's Florida Institute of Technology. Plaintiff will suffer continuous and ongoing harm from Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

42.   On information and belief, Defendant has not initiated an ADA policy for effective communication to insure full and equal use of their business by individuals with disabilities.

43.   On information and belief, Defendant has not disclosed to the public any intended audits, changes, or lawsuits to correct the inaccessibility of its electronic documents and Website.

44.   On information and belief, Defendant has not offered any form of electronic documents in an accessible format for blind or visually impaired individuals.

45.   On information and belief, Defendant has not created an information portal explaining when and how the Defendant will have its electronic documents within its Website accessible to the visually impaired community.

46.   Thus, Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at its university.

47.    All Public Accommodations must insure that their *Places of Public Accommodation* provide **Effective Communication** for all members of the general public, including individuals with disabilities.

48.    On information and belief, Defendant is aware of the common access barriers and barriers to effective communication within its Website which prevent individuals with disabilities who are visually impaired from the means to comprehend the information presented therein.

49.    Defendant and alike educational institutions are fully aware of need to provide full access to all visitors to its Website.[8]

50.    Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

51.    According to the National Federation for the Blind[9], there are over seven million Americans with visual disabilities (which makes up 2.3% of the population), and there are 486,400 individuals with visual disabilities living within the state of Florida[10].

52.    Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for declaratory judgment and injunctive relief is his only means to secure adequate redress from Defendant's unlawful and discriminatory

---

[8] Major Retailing Trade Magazines have been publishing articles to alert retailer of the need to update their websites in light of current legal trends and cases e.g.
(https://www.digitalcommerce360.com/2016/04/01/web-accessibility-what-e-retailers-need-know/),
(www.retailingtoday.com/article/lawsuit-highlights-importance-ada-compliance )
[9] See  https://nfb.org/blindness-statistics
[10] 486,400 is the number of non-institutionalized (male and female, all ages and ethnicities) reported to have a visual disability in 2015; see https://nfb.org/blindness-statistics

practices. No price can be put on Plaintiff's inability to investigate, compare and attend a university such as the Florida Institute of Technology.

53.     Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

54.     Juan Carlos Gil has retained the civil rights law office of Scott R Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

55.     Plaintiff Juan Carlos Gil re-alleges and incorporates by reference the allegations set forth herein above.

### Requirement for Effective Communication

56.     It is irrefutable that the ADA and implementation of ADAAG requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective.

57.     According to 28 C.F.R. §36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. §36.303(b)(2) specifically states that screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

58.     Section 28 C.F.R. §36.303(c) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be

effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability," 28 C.F.R. §36.303(c)(1)(ii).

59.     Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

60.     Defendant's Website (together with the electronic documents contained therein) has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication.

**Defendant's Educational Institution As A Place of Public Accommodation**

61.     By virtue of the fact that Defendant's Florida Institute of Technology is open to the public, the Florida Institute of Technology is a place of public accommodation subject to the requirements of Title III of the ADA; 42 U.S.C. §12181(7)(J). The ADA prohibits any and all barriers which would limit access by the visually impaired to such places of public accommodation.

62.     The virtual barrier to access is just as real as a physical barrier to access, for without information as to the Florida Institute of Technology accommodations and services and the ability to investigate and choose a university, the visually impaired have no access to Defendant's university which Defendant offers to the public.

**The Website As A Place of Public Accommodation**

63.     Consistent with the text and legislative history of the ADA, the

Department of Justice has long affirmed the application of Title III of the ADA to websites of public accommodations[11]; see Statement of Interest filed by the Department in *Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020 [DE #23].

64.     District courts within the Eleventh Circuit that have considered the question of whether websites are public accommodations have uniformly held that websites are subject to the ADA if a plaintiff can establish a nexus between the website and the physical premises of a public accommodation. See, *Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020 [DE #32] Order Denying Defendant's Motion for Summary Judgment, quoting from *Plaintiff v. Bang & Olufsen Am., Inc.,* No. 16-23801 at 9 (citing *Rendon v. Vallycrest Prods., Inc.* 249 F.3d 1279 (11th Cir. 2002) for the proposition that if a plaintiff establishes some nexus between the website and the physical place of public accommodation, the plaintiff's ADA claim can survive a motion to dismiss).

65.     The Courts have held that, when services available on an internet website have a connection to a physical Place of Public Accommodation, that website falls within the ADA's *Place of Public Accommodation* requirement; *Peoples v Discover Financial Services, Inc.*, 2009 WL 3030217, 2 (E.D. Pa. 2009).

---

[11] *See generally* Statement of Interest of the United States, *Nat'l Assoc. of the Deaf v. Netflix, Inc.*, 869 F. Supp. 2d 196 (D. Mass. 2012) (No. 3:11-cv-30168), available at www.ada.gov/briefs/netflix_SOI.pdf (discussing the Department's history of public pronouncements on the topic); *see also* Consent Decree, *Nat'l Fed. of the Blind and United States v. HRB Digital LLC and HRB Tax Group, Inc.*, No. 1:13-cv-10799-GAO (entered March 25, 2014), available at www.ada.gov/hrb-cd.htm 0(comprehensive decree governing the accessibility of H&R Block's website); *Settlement Agreement Between United States and Ahold U.S.A. Inc. and Peapod LLC* (11/17/14), available at https://www.ada.gov/peapod_sa.htm (agreement addressing accessibility of online grocery service).

66.     The www.fit.edu website is a *Place of Public Accommodation* pursuant to 42 U.S.C. §12181(7)(J) as an integral part of Defendant's Florida Institute of Technology by providing the public information on the locations of the Florida Institute of Technology, and offers the public the ability to be educated as to educational programs offered at Florida Institute of Technology, allows the public to apply to Florida Institute of Technology online, as well as request disability services online, and gives students access to a student portal.

67.     As delineated above and pursuant to 42 U.S.C. § 12181(7)(J), Defendant is a *Public Accommodation* under the ADA because it because it owns and/or operates the www.fit.edu website which is defined within §12181(7)(J), and is subject to the ADA.

68.     In addition, Defendant's representatives within its university have referred public inquiry to Defendant's Website for additional information, as the Website provides information regarding information regarding admission, financial aid, tuition, and disability services, such that the Website is an integral part of the public's needs with respect to Defendant's business.

69.     By Defendant's representatives referring the public /visually impaired individuals to its Website for basic information on admissions, financial aid, degree programs and/or disability services instead of providing such information at the physical locations, the Website has been rendered an integral part of Defendant's physical university locations. Thus, the failure of that Website and the PDF documents contained therein to be accessible to visually impaired individuals impedes visually impaired individuals (such as Plaintiff) from access to Defendant's physical university locations.

70.    It is clear that the ADA applies to the Defendant's Website, as the Website is a *Place of Public Accommodation* for the following reasons: (1) the statutory construction of the ADA demonstrates its applicability is not limited to physical "brick and mortar" locations; (2) Congress' intent was for the ADA to be responsive to changes in technology; and (3) the Department of Justice has interpreted the ADA to apply to websites.

71.    The ADA's legislative history makes it clear that Congress intended the ADA to adapt to changes in technology, such as the technology afforded through websites, the internet and e-commerce. Congress has stated that "the types of accommodation and services provided to individuals with disabilities . . . *should keep pace with the rapidly changing technology of the times." Nat'l Ass'n of the Deaf v. Netflix, Inc.,* 869 F. Supp. 2d at 200 (D. Mass. 2012)[12] *Netflix,* (citing H.R. Rep. 101-485(II), at 108 (1990)); *Nat'l Fedn. of the Blind v. Scribd Inc.,* 97 F. Supp. 3d, 574 (same) (D. Vt. 2015)[13] (emphasis added). For example, Congress identified "information exchange" (the principal function of a website) as an important area of concern where expanding technology would be subject to the ADA. *Scribd,* 97 F. Supp. 3d at 574 (citing H.R. Rep. 101-485(II), at 108 (1990)).

72.    Recent case law supports that the intangible barriers presented within Defendant's Website and electronic documents therein are violative of the ADA.   In

---

[12] the plaintiff sued Netflix, Inc., ("Netflix") under Title III of the ADA based on Netflix's failure to provide equal access to its video streaming website "Watch Instantly" for deaf and hearing impaired individuals. There, the plaintiff alleged the website itself was a place of public accommodation because the website qualifies as a "place of exhibition and entertainment," "place of recreation," "sales or rental establishment," and "service establishment" as enumerated by the ADA. *Id.* at 200.

[13] wherein the plaintiff filed a complaint alleging a violation of the ADA against Scribd, Inc., ("Scribd"), in that it provided a digital library operating reading subscription services on its websites and mobile app which were incompatible with reader software and denied blind persons' access to Scribd's services

rendering his decision that Winn Dixie Stores, Inc.'s website contained barriers to access which are prohibited by the ADA[14], Judge Scola drew upon the decision in *Rendon v. Valleycrest Prods., Inc.* 294 F.3d 1279, 1284 n.8 (11th Cir. 2002), where the Eleventh Circuit noted that the plain language of Title III of the ADA covers both tangible, physical barriers that prevent a disabled person from accessing a public accommodation, as well as **"intangible barriers**, such as eligibility requirements and screening rules or discriminatory policies and procedures that restrict a disabled person's ability to enjoy the defendant entity's goods, services and privileges . . . ." 249 F.3d at 1283 **(emphasis added)**.

73.     At the present time and since the Website's inception, Defendant has provided inadequate service, and ineffective communications and services. Plaintiff's injuries are real, have occurred, and are continuing. Plaintiff's injuries will continue to occur until it is absolutely clear that Defendant's wrongful behavior is remedied.

74.     Plaintiff's position is further supported by recent case law which states that organizations which have not fully updated their websites and electronic documents to insure accessibility for the visually impaired are not immune to redress.

75.     Despite Defendant's efforts to render its Website accessible to blind and visually impaired individuals[15], the fact remains that its Website contains critical errors which amount to continued barriers to access. In fact, at https://policy.fit.edu/Web/Standards/1020 , Defendant uses the wording "SHALL SEEK FULL COMPLIANCE"... but it has been several years since 2008 when this notice was

---

[14] *Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020 [DE #63].
[15] As Defendant references accessibility at https://policy.fit.edu/Web/Standards/1020, https://policy.fit.edu/Web/Standards/1021 and https://policy.fit.edu/Web/Standards/3610

posted, and Defendant's Website is not in compliance, much less 'full compliance'. Therefore, Defendant's statement (within its Website) that the Website is under renovations to permit accessibility for blind and visually impaired individuals does not lessen the Defendant's violation of the ADA. Merely stating that a website is seeking compliance does not indemnify that website from being currently inaccessible. See, *Lucia Markett v. Five Guys Enterprises LLC* No. 17-cv-788 [DE #33] Order Denying Defendant's Motion to Dismiss, where the Honorable Judge Katherine B. Forrest rejected the defendant's argument that Five Guys' in-process renovation of its website which will eventually result in its website being accessible to plaintiff and other blind and visually impaired individuals (after the renovation is complete) rendered plaintiff's claim as moot.

76. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

77. Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(II).

78. Unlawful discrimination also includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services,

segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(III).

**Barriers to Access**

79.     As a result of the inaccessibility of Defendant's Website and failure of the electronic documents contained therein to be accessible to visually impaired individuals, those visually impaired individuals are denied full and equal access to Florida Institute of Technology physical locations and Florida Institute of Technology online services as Defendant has made available to the public through the information provided on Defendant's Website, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

80.     There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. Incorporating the basic components to make its Website and electronic documents contained therein accessible would neither fundamentally alter the nature of Defendant's business nor would it result in an undue burden to the Defendant.

**Electronic Documents**

81.     Defendant's website contains one or more links to an electronic document attachment. An example of such links are as follows:

- the PDF forms that applicants will find useful when applying to Florida Tech, such as the Application Essay Instructions at https://www.fit.edu/media/site-specific/wwwfitedu/admissions/documents/Essay-Instructions.pdf,

- the Application for Dual Enrollment at https://www.fit.edu/media/site-specific/wwwfitedu/admissions/documents/dual-enroll-application.pdf,
- the Application for Special Community College at https://www.fit.edu/media/site-specific/wwwfitedu/admissions/documents/SCC-2016.pdf,
- FERPA-authorization to release information form at https://www.fit.edu/media/site-specific/wwwfitedu/admissions/documents/Auth_Release_5-11.pdf,
- the International Financial Certificate at https://www.fit.edu/media/site-specific/wwwfitedu/admissions/documents/Financial-Certificate---Undergraduate.pdf,
- and many more electronic documents located at the link: https://www.fit.edu/freshman-admissions/forms-and-documents/.

The electronic documents attachments' flat surfaces do not contain accessible coding. The electronic documents do not include a text-based format (or equivalent). Defendant has not added 'alt[16]' tags or long descriptions for the electronic documents within its website. The electronic documents' attachments have not been provided in HTML or with a text equivalent, and are not a webpage[17], therefore, it is inaccessible to the visually impaired.

82.   In order to meaningfully access electronic documents, blind and visually impaired individuals require that electronic documents be saved in an accessible format. Much of the content provided in electronic document format within Defendant's Website is not accessible for persons with screen readers.

83.   Providing P electronic documents in a format that can be recognized by screen reader software and therefore making those electronic documents accessible to the visually impaired would not result in any undue burden to Defendant and would not fundamentally change the nature of Defendant's accommodations and services.

---

[16] 'alt' refers to 'alternative text'

[17] (which is an internet document usually in HTML)

84.   The failure of Defendant's electronic documents to be accessible impedes Plaintiff (and other similarly situated visually impaired individuals) from fully accessing the financial services, goods and accommodations provided by Defendant and in so doing, Defendant has discriminated against the visually impaired.

**Violations of the ADA**

85.   The Defendant has violated the ADA (and continues to violate the ADA) by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access Defendant's electronic documents and Website (in general). These violations are ongoing.

86.   As a result of the inadequate development and administration of Defendant's electronic documents and Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and 28 C.F.R. §36.303 to remedy the discrimination.

87.   Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Juan Carlos Gil injunctive relief; including an order to:

a) Require Defendant adopt and implement a web accessibility policy to make publically available and directly link from the homepage of the www.fit.edu website to a statement as to the Defendant's policy to ensure persons with disabilities have full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations through its Website.

b) Require Defendant take the necessary steps to make the Website readily accessible to and usable by visually impaired users, and during that time period prior to the www.fit.edu website's being readily accessible, to provide an alternative method for individuals with visual impairments to access the

21

information available on the Website until such time that the requisite modifications are made, and

c) Require Defendant to provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the Website for purposes of viewing and locating Florida Institute of Technology (locations) and becoming informed of and applying for admission to Florida Institute of Technology, applying for financial aid, paying for tuition online, and using the online portal to communicate with Florida Institute of Technology (for continuing students) and of viewing electronic documents provided to the public within Defendant's Website. During that time period prior to the Website being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so they are not impeded from obtaining the accommodations and services made available to the public through Defendant's Website and through Defendant's physical campus and research locations.

88.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Florida Institute of Technology, Inc.

### **DEMAND FOR RELIEF**

**WHEREFORE,** Plaintiff Juan Carlos Gil hereby demands judgment against Defendant Florida Institute of Technology, Inc. and requests the following injunctive and declaratory relief permanently enjoin Defendant from any practice, policy and/or

procedure which will deny Plaintiff (and other individuals with visual impairments) equal accommodations to, and benefit from Defendant's services, programs, activities and facilities, as well as:

a) The Court issue a declaratory judgment that Defendant has violated Plaintiff's rights as guaranteed by the ADA;

b) The Court enter an Order requiring Defendant to update its www.fit.edu website to remove barriers in order that individuals with visual disabilities can access the Website and effectively communicate with the Website to the full extent required by Title III of the ADA;

c) The Court enter an Order requiring Defendant to update all electronic documents made available to the public to remove barriers in order that individuals with visual disabilities can access the electronic documents to effectively communicate with Defendant to the full extent required by Title III of the ADA;

d) pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a), enter an Order for permanent injunction which directs Defendant to take all steps necessary to bring the electronic documents which it provides on its electronic media into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that all electronic documents are fully accessible to, and independently usable by, blind and low sighted individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant

has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

e) The Court enter an Order Compelling Defendant to contract with an independent ADA expert/consultant for the purposes of that ADA expert/consultant review Defendant's policies, practices and procedures for five years commencing from the date of the Court's Order to ensure that Defendant is in compliance with the ADA;

f) The Court enter an order requiring Defendant to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto;

g) The Court enter an Order requiring Defendant retain a qualified consultant acceptable to Plaintiff ("Mutually Agreed Upon Consultant") who shall assist it in improving the accessibility of its electronic documents so they are accessible to individuals with visual disabilities;

h) The Court require Defendant engage a (mutually agreed upon) Consultant to perform an automated accessibility audit on a periodic basis to evaluate whether Defendant's electronic documents continue to be accessible to individuals with visual disabilities;

i) The Court enter an Order directing Defendant to evaluate its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures to the Website;

j) The Court award damages in an amount to be determined at trial;

k) The Court to award Plaintiff reasonable litigation expenses and attorneys'

    fees; and

l) That the Court award such other and further relief as it deems necessary,

    just and proper.

Dated this ___ day of March, 2018.

                    Respectfully submitted,

                    Scott R. Dinin, Esq.
                    Scott R. Dinin, P.A.
                    4200 NW 7th Avenue
                    Miami, Florida 33127
                    Tel: (786) 431-1333
                    inbox@dininlaw.com
                    *Counsel for Plaintiff*